UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

IN RE:                                                    Case No. 11-04314
                                                          Chapter 7
AMMINA I. SCOTT,

    Debtor.

_____/

AMMINA SCOTT,                                             Adv. Pro. No. 14-80233

    Plaintiff,

v.

BANK OF AMERICA, N.A.,

    Defendant.

_____/

MEMORANDUM OF DECISION AND ORDER

PRESENT:    HONORABLE SCOTT W. DALES
                  Chief United States Bankruptcy Judge

On January 6, 2015, the court conducted a hearing on Bank of America's Motion to Dismiss. Ms. Ammina Scott (the "Plaintiff") and her attorney, William J. Stevens, Esq., appeared. Bank of America (the "Defendant") also appeared through its attorney, Mark J. Magyar, Esq. After the court took the dismissal motion under advisement, the court re-set the matter for hearing to consider jurisdictional doubts that arose during its deliberations. The parties again appeared, as directed, in Kalamazoo, Michigan, on February 11, 2015. At the conclusion of the hearing, the court announced its intention to dismiss the adversary proceeding for lack of subject matter jurisdiction.

Although the court's subject matter jurisdiction is very broad, including any proceeding that could "conceivably have any effect on the estate being administered in bankruptcy,"[1] the court is not convinced that the Plaintiff's Complaint meets the threshold, given the absence of any impact on the estate or the administration of the case. *See McNutt v. General Motors Acceptance Corp. of Ind., Inc.*, 298 U.S. 178, 189 (1936) ("If [plaintiff's] allegations of jurisdictional facts are challenged by his adversary in any appropriate manner, he must support them by competent proof."). Indeed, at the conclusion of the February 11, 2015 hearing, both counsel reached the same, perhaps counterintuitive, conclusion that the proceeding is not related to Ms. Scott's bankruptcy case.

To the extent the causes of action set forth in the Complaint arose prepetition, and at least until the claims against the Defendant are formally abandoned under 11 U.S.C. § 554, the chapter 7 trustee, rather than Ms. Scott, is the proper plaintiff, the entity with standing to sue. *See* 11 U.S.C. § 323(a) (trustee is the representative of the estate). Although this shortcoming could be addressed fairly simply with the trustee's cooperation, it has not been, and this jeopardizes Ms. Scott's standing -- an aspect of jurisdiction.

To the extent that the causes of action arose post-petition, the claims would not be included within the bankruptcy estate under § 541, and the connection to Ms. Scott's bankruptcy proceedings would be even more doubtful. Certainly the outcome of the lawsuit would affect her interests directly, but the same could be said for the successful prosecution of a post-petition slip-and-fall suit against a supermarket, if she had such a claim. Although colloquially speaking, the lawsuit seems "related" to the debtor and therefore to her bankruptcy case, the test requires a

---

[1] *See Michigan Employment Security Comm'n v. Wolverine Radio Co., Inc. (In re Wolverine Radio Co.)*, 930 F.2d 1132(adopting jurisdiction test espoused in *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir.1984)).

nexus to the estate and the administration of the case which, as both parties now concede, is lacking.[2]

Because there is no subject matter jurisdiction under 28 U.S.C. § 1334, the court must dismiss the case even if the dispute lies within the diversity or federal question jurisdiction of the United States District Court.  Although bankruptcy jurisdiction is broad, it is not limitless.  The court and the parties must respect the limits on the bankruptcy court's jurisdiction and its authority to assist in resolving this dispute.

Finally, nothing in this Memorandum of Decision and Order precludes the parties from entering into a non-recourse arrangement as contemplated in § 524(j) or otherwise (now that Ms. Scott has the benefit of her discharge).  Nor does it preclude Ms. Scott from raising her claims in a court of competent jurisdiction, whether affirmatively in the United States District Court or a state court, or defensively in response to any foreclosure that might take place, after the automatic stay no longer protects the property at the heart of this dispute.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Clerk shall prepare and enter a judgment dismissing the Complaint, without prejudice, for lack of subject matter jurisdiction.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Memorandum of Decision and Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon William J. Stevens, Esq. and Mark J. Magyar, Esq.

END OF ORDER

---

[2] In reaching a contrary conclusion in a recent dispute about a loan modification, Judge Kendig relied largely on the representation that a successful prosecution could produce a recovery for creditors.  *See Patrick v. Citimortgage, Inc. (In re Patrick)*, 2014 WL 7338929 (Bankr. N.D. Ohio Dec. 22, 2014) (unpublished).  Here, however, Ms. Scott does not seek monetary relief to share with creditors, only equitable relief for herself in the form of a modified mortgage loan.  Moreover, *Patrick* did not adequately address concerns about a debtor's standing, direct or derivative.

**IT IS SO ORDERED.**

**Dated February 12, 2015**



Scott W. Dales
United States Bankruptcy Judge